**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CARRIE DEVORAH, et al., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:15-cv-00032 (CRC) |
| ROYAL BANK OF CANADA, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS AND DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' IMPROPER SURREPLIES**

Defendants Royal Bank of Canada ("RBC"), RBC Private Counsel (USA), Inc., RBC Capital Markets, LLC, RBC Wealth Management, a Division of RBC Capital Markets, LLC ("RBC Wealth Management"), Jason Wise ("Wise"), Carolyn Guy ("Guy"), Scott Sangerman ("Sangerman"), Scott A. Sangerman TR Trust (the "Sangerman Trust"), Kenneth Sullivan ("Sullivan"), John Pokladowski ("Pokladowski"), David McKay ("McKay"), and John Taft ("Taft") (all, collectively, "Defendants"), by counsel and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby oppose the motion for sanctions filed by Plaintiffs Carrie Devorah, Carrie Devorah IRA, Carrie Devorah Living Trust, and Carrie Devorah IAAS (collectively, "Plaintiff" or "Devorah"). Defendants also move to strike Devorah's unauthorized surreplies, dated June 17 and 19, 2015, respectively (collectively, the "Surreplies").

## BACKGROUND

On January 9, 2015, Devorah filed a lengthy Complaint which included more than 80 pages and dozens of exhibits. On March 9, 2015, the Court granted Defendants' contested motion for an extension of time to respond to the Complaint. On April 15, 2015, Defendants moved to dismiss Devorah's Complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). Devorah filed her opposition to the Motion on May 27, 2015, and Defendants' filed their Reply on June 8, 2015.

On June 12, 2015, Devorah filed a "Motion for Sanctions Against Respondents Following Notice to Cure" (the "Sanctions Motion"), in which she seeks sanctions against Defendants, their counsel and their counsel's law firm on the grounds that: (i) Defendants allegedly misled the Court by seeking an extension of time to respond to the Complaint in order to "gather documents," and then failed to produce any documents; (ii) Defendants' Motion allegedly contained "frivolous arguments" in violation of Rule 11 of the Federal Rules of Civil Procedure; and (iii) Defendants failed to produce documents that Devorah demanded in her opposition to the Motion.

On June 17 and 19, 2015, Devorah filed two Surreplies to the Motion asserting arguments that could have, and should have, included in Plaintiff's opposition.[1]

For the reasons set forth below, and in Defendants' Motion and Reply, which are incorporated by reference, Devorah's motion for sanctions is utterly frivolous and should be denied. In addition, Devorah's Surreplies were improperly filed should be stricken.

---

[1] Plaintiffs' Surreplies are cast as "Plaintiffs Reply Memorandum to Strike Respondents Joint Motion to Dismiss and Continue This Case to Trial," dated June 17, 2015 and "Plaintiffs Addendum to This Court Showing That Respondents Attorneys Identified Their Roles as Signatory for Their Employer," dated June 19, 2015.

## ARGUMENT

### I. Devorah's Frivolous Motion for Sanctions Should Be Denied.

Devorah's Sanctions Motion is baseless and should be rejected out of hand. Devorah first argues that sanctions are warranted because Defendants moved for an extension of time to respond to the Complaint, stating in part that they needed to "gather documents," and then failed to produce any documents to Devorah. Devorah does not understand what was meant when Defendants stated that they needed to "gather documents." Indeed, Devorah is confusing the word "gather" with the word "produce." As stated in their motion for an extension of time, Defendants needed additional time to gather their own documents to analyze whether Devorah's Complaint stated valid claims. After reviewing those documents and consulting with their personnel, Defendants determined that Devorah's Complaint was frivolous. As such, Defendants filed a motion to dismiss. Defendants never, however, said that they would produce documents to Devorah. Accordingly, there was nothing misleading or nefarious about Defendants' request for an extension of time to respond to the Complaint. Once again, Devorah has concocted a story based on conclusory assertions, not facts.

Also baseless is Devorah's contention that Defendants' Motion contains "frivolous arguments" in violation of Rule 11. This claim is based on a similar allegation that Defendants promised and then failed to produce to Devorah "documents the law and regulators require to exist." (Sanctions Mot. at 6.) Defendants made no such promise. Moreover, as Defendants stated in their Reply, Devorah is not a regulator and she cites no authority providing her with a private right of action against Defendants for purported non-retention of books and records. (Reply at p. 3 n.5.) Even if she could do so, she alleges no facts demonstrating that RBC failed to comply with the referenced statutes and regulations.

## II. Devorah's Improper Surreplies Should Be Stricken.

As a matter of law, "[a] surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 238 F.Supp.2d 270, 276-77 (D.D.C. 2002); *see Randolph v. ING Life Ins. and Annuity Co.*, 486 F.Supp.2d 1 (D.D.C. 2007) (striking response that amounted to surreply because plaintiffs did not move for leave to file surreply and surreply did not address "new matters raised in a reply"); *United States v. Tailwind Sports Corp.*, 2014 WL 24235, *1 (D.D.C. Jan. 2, 2014) (striking conditional motion that was improper surreply because it made additional arguments about why motion to dismiss should not be granted).

Here, Devorah has filed two Surreplies, which together total 24 pages, not including exhibits. Devorah did not seek the Court's permission before filing her Surreplies. Moreover, Devorah's Surreplies do not address "new" matters raised in Defendants' Reply; rather, Devorah's Surreplies address contentions that Defendants originally made in their Motion and could have been addressed in Devorah's opposition.[2]

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court deny Devorah's motion for sanctions and strike Devorah's improper Surreplies in their entirety.

---

[2] Devorah complains that Defendants failed to serve her with a hard copy of their e-filed Reply on the Motion, as they have done with other papers in this action. (June 17th Surreply at pp. 1-3.) Devorah does not dispute that Defendants' Reply was properly e-filed, however, and concedes that she was able to obtain a copy of the Reply from Pacer.gov. (*Id.* at p. 3.) Although not required by the Court's rules, prior to the filing of the Reply, Defendants endeavored to serve Devorah with their papers by both e-filing and UPS overnight delivery, in recognition of the fact that Devorah is a *pro se* Plaintiff. Devorah's failure to receive a hard copy of the Reply was unfortunate, but has not interfered with her ability to inundate this Court with baseless motions.

Dated: June 29, 2015

Respectfully submitted,

**Greenberg Traurig, LLP**

/s/

Timothy C. Bass (#457109)
2101 L Street, Suite 1000, N.W.
Washington, D.C. 20037
(202) 331-3130 (telephone)
(202) 331-3101 (facsimile)
basst@gtlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of June 2015, I caused a copy of Defendants' opposition to Plaintiff's Motion for Sanctions and Motion to Strike Surreplies to be served *via* the Court's electronic case filing system and overnight delivery, on the following:

Carrie Devorah
1505 Crystal Drive #303
Arlington, Virginia 22202

/s/
Timothy C. Bass