**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CARRIE DEVORAH**,<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL BANK OF CANADA, <u>et al.</u>**,<br><br>Defendants. | Case No. 15-cv-00032 (CRC) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Carrie Devorah has brought suit against her former investment advisor and associated defendants alleging various misdeeds related to her investment accounts. The defendants have moved to dismiss Devorah's complaint, contending that the Court lacks personal jurisdiction over several of them, that Devorah waived her claims by entering into a settlement agreement in a prior arbitration, and that her claims are otherwise meritless. The Court agrees with the defendants and will dismiss Devorah's complaint.

**I.      Background**

Carrie Devorah held investment accounts with RBC Wealth Management—a subsidiary of the Royal Bank of Canada—from 2002 to 2009.  Compl. at 8.  Devorah's relationship with RBC and her financial consultant, Scott Sangerman, soured after the value of her investment accounts plummeted during the 2008 financial crisis.  Mot. to Dismiss Ex. A.  In 2010 she initiated, through counsel, an arbitration with the Financial Industries Regulatory Authority ("FINRA"), alleging that Sangerman had refused to execute sell orders that she had placed at various times in the latter half of 2008.  <u>Id.</u>  That same year, Devorah settled her claims in an agreement that released Sangerman, RBC, and its affiliates and employees from all claims "known and unknown" related to her accounts.  <u>Id.</u> Ex. B.

After entering into the settlement agreement, Devorah contacted RBC through one of its in-house lawyers, Carolyn Guy, to request records related to her former accounts, which Guy provided via an encrypted CD in January 2012.  Compl. Ex. 5.  According to Devorah, the approximately 800 records she received revealed improper and criminal acts by the defendants.  Compl. ¶ 41.  While the exact improprieties are unclear, Devorah generally alleges that: (1) Sangerman continued to serve as her investment advisor after she moved to the District of Columbia from London in 2003, although he was not licensed as a broker in D.C.; (2) the defendants initiated a FINRA arbitration matter a few months before she filed her FINRA complaint in an effort to control the course of the litigation; (3) the defendants defamed her by sending "humiliating" emails and providing her with false information; (4) her accounts were "falsified" because RBC mistakenly used an incorrect social security number when establishing them in 2002; (5) the defendants failed to provide her with requested records or respond to questions; and (6) a former RBC IT employee, Bryan Gasche, "digitally trespassed" in her account information because his name is listed as the author of PDFs contained in the CD she received.  Compl. ¶¶ 9–10, 13–14, 18–24, 34.

Devorah's most extensive allegations surround an account statement that appears to have been erroneously included in the collection of records provided by Mr. Guy.  Devorah's financial statements for the latter half of 2007, which were included in the CD, list an individual retirement account in her name with an account number ending in 0636, naming Sangerman as her financial advisor and reflecting a balance of approximately $260,000.  Compl. Ex. 21.  Along with a statement for each month for that account, all reflecting identical information, is a single additional statement for October 2007 listing a newly-created IRA with an account number ending in 0635, managed by another advisor, Jason Wise, containing no information related to Devorah and reflecting a balance of approximately $430,000.  Id.  Devorah does not claim that she herself created a new account or deposited this substantial sum to her accounts with RBC at that time.  She

also does not claim that anyone at RBC transferred this money out of any of Devorah's other investment accounts. Rather, she alleges that the defendants "brought $430,730 into [Devorah's] 'new account'" and then failed to alert her to the existence of this money, thereby stealing it from her. Compl. ¶ 48.

Devorah filed suit in this Court against RBC Wealth Management, its parent companies, Sangerman, Wise, Guy, and various other RBC employees. Her claims include *respondeat superior* liability, breach of fiduciary duty, conspiracy, identity theft and invasion of privacy, spoliation, defamation, breach of contract, and fraud. She demands damages in excess of $36,000,000. The defendants have moved to dismiss Devorah's complaint, contending that the Court lacks personal jurisdiction over several of the defendants; that Devorah has waived her right to bring these claims by entering into the settlement agreement in her 2010 FINRA arbitration; and that her claims are otherwise meritless. The Court will address each contention in turn.

## II.     Standard of Review

When the Court's subject-matter jurisdiction is challenged,[1] "the plaintiff bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." Biton v. Palestinian Interim Self–Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004). The court construes the allegations contained in the complaint in the plaintiff's favor. Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). When assessing subject-matter

---

[1] Although the defendants have styled their motion to dismiss as one for failure to state a claim, a valid settlement agreement in fact removes the Court's jurisdiction to hear a plaintiff's complaint. E.g., Allen v. Nicholson, 573 F. Supp. 2d 35, 38 (D.D.C. 2008) (citing Aulenback, Inc. v. Federal Highway Admin., 103 F.3d 156, 161 (D.C. Cir. 1997)). The Court will therefore consider the defendant's arguments regarding the settlement agreement as a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

jurisdiction, unlike a motion to dismiss for failure to state a claim, a court may consider material outside of the complaint, Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992), but factual discrepancies are resolved in favor of the plaintiff. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff may not rely on conclusory allegations, but instead must make a showing of the facts necessary to connect each defendant to the forum. First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988).

A complaint challenged by a motion to dismiss for failure to state a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must accept all non-conclusory allegations of fact contained in a complaint and draw all reasonable inferences in favor of the plaintiff. Id. at 678–79. A pleading must provide factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In ruling upon a motion to dismiss for failure to state a claim, a court ordinarily may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." Gustave–Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997)).

**III.     Analysis**

    A.    <u>Personal Jurisdiction over Defendants Jason Wise, Carolyn Guy, and John Pokladowski</u>

Despite Devorah's voluminous complaint—which spans 80 pages and includes over 300 pages of exhibits—she fails to allege any specific activity by three defendants—Jason Wise, Carolyn Guy, and John Pokladowski—taking place in the District of Columbia. Each of these defendants, moreover, has filed an affidavit declaring that he or she neither resides in nor transacts business in the District of Columbia. Mot. to Dismiss. Exs. D, E, F. Devorah has not contested these representations but instead contends that Wise, Guy, and Pokladowski are subject to the Court's jurisdiction because they participated in the alleged conspiracy to defraud her. But to establish personal jurisdiction over a defendant based on their participation in a conspiracy, a plaintiff must allege "'specific acts connecting [the] defendant with the forum.'" <u>Second Amendment Found. v. U.S. Conference of Mayors</u>, 274 F.3d 521, 524 (D.C. Cir. 2001) (alterations in original) (quoting <u>First Chicago</u>, 836 F.2d at 1378). Devorah's generalized assertion of a conspiracy cannot cure her failure to allege facts demonstrating the Court's jurisdiction over these defendants. Accordingly, the Court will dismiss the complaint as to defendants Wise, Guy, and Pakladowski.

    B.    <u>Prior Settlement and Release of Claims</u>

Devorah resolved her prior FINRA arbitration proceeding by signing a settlement agreement in which she agreed to waive any and all claims, whether known or unknown, related to her investment accounts with RBC wealth management. Mot. to Dismiss Ex B. Absent a showing of fraud or duress, this agreement binds Devorah and precludes her from bringing these claims against any party identified in the waiver provision of the settlement agreement. <u>See, e.g.</u>, <u>Schmidt v. Shah</u>, 696 F. Supp. 2d 44, 62 (D.D.C. 2010) ("[a] party to a voluntary settlement agreement may waive

5

his or her rights to litigate claims in court"); Johnson v. Penn Camera Exchange, 583 F. Supp. 2d 81, 86 (D.D.C. 2008) ("Absent a showing of fraud or duress, parties are bound by the agreements that they sign, without regard to whether they regret their decisions after the fact."). According to Devorah, documents she discovered in the CD provided by Guy establish that the defendants procured the settlement agreement by fraud. The documents that Devorah has provided to the Court, however, do not demonstrate fraud. An affirmative and material misrepresentation during contract negotiations may render a contract voidable, but a failure to disclose information only constitutes a misrepresentation in certain limited circumstances not applicable here. See Restatement (Second) of Contracts §§ 159, 162, 162 (1981) (a failure to disclose constitutes a misrepresentation only when it is necessary to correct an earlier incorrect statement, corrects a basic misunderstanding by the other party regarding the contents of the agreement, or is required based on a position of trust between the parties). Devorah's allegations of fraud amount to an assertion that the defendants, when negotiating the settlement agreement, failed to inform her of the full scope of claims she would be waiving. This does not amount to a misrepresentation making the settlement agreement voidable by Devorah because she acknowledged in the settlement agreement that she was giving up all claims "known and unknown" regarding her accounts. In doing so, she took on the risk that new information might come to light that would increase the value of those claims, and nothing required the defendants, who were adverse to Devorah at the time of the settlement negotiations, to disclose information that allegedly would have harmed their interests. Moreover, after review of Devorah's allegations and evidence, and drawing all reasonable

inferences in her favor, the Court concludes that she has provided no evidence that would have materially altered the scope of her claims in arbitration.[2]

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [ECF No. 23] Defendants' Joint Motion to Dismiss is **GRANTED**. It is further

**ORDERED** that [ECF No. 25] Plaintiff's Motion to deny respondents joint motion to dismiss; [ECF No. 26] Plaintiff's Motion to Amend Respondent Scott A. Sangerman Tr Trust; [ECF No. 30] Plaintiff's Motion to amend respondent Scott A. Sangerman TR Trust; [ECF No. 35] Plaintiff's Motion for Sanctions; and [ECF No. 40] Defendants' Motion to Strike are **DENIED** as Moot. And it is further

**ORDERED** that this case is **DISMISSED**.

This is a final, appealable order.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   July 16, 2015

---

[2] Certain defendants—namely Royal Bank of Canada, RBC Private Counsel (USA) Inc., David McKay, and the Sangerman Trust—are not specifically covered by the release of claims. The complaint, however, fails to assert any specific allegations of wrongdoing by any of these defendants. In fact, it does not mention them at all except by naming them as defendants. Accordingly, her claims against these defendants will be dismissed for failure to state a claim.